IN THE MATTER OF THE APPLICATION FOR LETTERS OF ADMINISTRA-
TION UPON THE ESTATE OF THOMAS BORROWDALE,
DECEASED.

*Marriage of divorced wife during the lifetime of her husband — Sec. 6 of 2 R. S.,
139, declaring the effect of a marriage by one whose husband or wife has been absent
and unheard from for five years, only applies where the relation of husband and
wife still exists.*

Section 6 of 2 Revised Statutes, 139, providing that "if any person whose hus-
band or wife shall have absented himself or herself for the space of five suc-
cessive years, without being known to such person to be living during that
time, shall marry during the lifetime of such absent husband or wife, the
marriage shall be void only from the time that its nullity shall be pronounced
by a court of competent authority" has no application to the case of persons
who having previously been husband and wife have been divorced, and have
consequently ceased to be such any longer.

Where a husband has procured a judgment divorcing him from his wife and
forbidding her to marry again, a marriage contracted by her, even under the
circumstances prescribed in the statute, is void, and its invalidity may be
asserted by the heirs-at-law and next of kin of the second husband after his
death.

APPEAL from a decree of the surrogate of the county of Cortland,
appointing Anna Borrowdale and James M. Smith administratrix
and administrator of the estate of Thomas Borrowdale, deceased.

*O. U. Kellogg* and *J. Courtney, Jr.,* for Anna Borrowdale,
respondent.

*Duell & Benedict,* for Joseph Borrowdale, appellant.

WESTBROOK, J.:

On July 29, 1881, the surrogate of Cortland county issued
letters of administration upon the estate of Thomas Borrowdale,
deceased, to Anna Borrowdale, as the widow of said Thomas Bor-
rowdale, deceased, and refused them to Joseph Borrowdale, a brother
of the deceased. Joseph appeals from such decree upon the ground
that Anna was not the widow. There is no dispute as to the facts,
and they are these :

In the year 1864, Anna Borrowdale, the alleged widow, was
legally married to one Abraham Simmons, at Vernon Centre, in
the State of New York. On July 25, 1866, by the order of this

court a decree and judgment were entered in an action brought by said Abraham Simmons against his then wife, the said Anna, dissolving and annulling the marriage on account of the adultery of the wife, which judgment contained the usual order forbidding Anna to marry again during the lifetime of said Simmons.

Anna Borrowdale was married in this State to the deceased, Thomas Borrowdale, January 26, 1876. Her former husband, Abraham Simmons, was then living, and was still living at the time of the proceedings before the surrogate, and was examined as a witness thereon.

Anna testified that when she contracted the marriage with Borrowdale she believed Simmons dead, as she had not heard from him in seven years. The surrogate decided that as the marriage of Anna with the deceased Borrowdale was contracted in good faith, after an absence of Simmons for seven years unheard from, that the marriage with Borrowdale " was not void and could only be annulled during the lifetime of both the parties to said marriage, but cannot be assailed by his heirs-at-law after his decease."

This decision was clearly wrong because the decree of divorce, and the statute (2 R. S. [Edm. ed.], 152, § 49; 3 R. S. [7 ed.], 2334-5; Code of Civil Procedure, § 1761) alike forbade the marriage of Anna with Borrowdale, until the actual death of her former husband. Even the right to remarry under certain circumstances by permission of the court granting the divorce, conferred by chapter 321 of the Laws of 1879, was not preserved under the Code. (Sec. 1761 of Code and Mr. Throop's note.)

The provisions of the Revised Statutes (2 R. S. [Edm. ed.], 144-5; 3 R. S. [7th ed.], 2332), declaring that " if any person whose husband or wife, shall have absented himself or herself for the space of five successive years, without being known to such person to be living during that time, shall marry during the lifetime of such absent husband or wife, the marriage shall be void only from the time that its nullity shall be pronounced by a court of competent authority," has no application to this case. Simmons and Anna had ceased to be husband and wife, when the latter married Borrowdale, and the section quoted only applies in a case of absence of either " husband or wife." This is apparant from the language of the section, for the expression " husband or wife " is used twice therein, thus clearly

indicating that its provisions only apply when that relationship exists.

The decree of the surrogate granting letters of administration to Anna, because she was the widow of the deceased was erroneous, and the refusal to grant them to Joseph Borrowdale, the brother of the deceased was also wrong.

The decree entered must be reversed with costs as against Anna, and the proceedings remitted to the surrogate of Cortland county with directions to issue the letters to the appellant Joseph Borrowdale.

Present — LEARNED, P. J., BOOKES and WESTBROOK, JJ.

So ordered.